FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2011 FEB 25 PM 3: 46

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MICHAEL ALTIZER,
    Plaintiff,

Case No. 6:11-CV-304-ORL-19-DAB

vs.

CREDITORS INTERCHANGE RECEIVABLE
MANAGEMENT, LLC, a Delaware limited
liability corporation,

and

JOHN and JANE DOES I - V,
    Defendant(s)       /
_____/

## COMPLAINT
(Jury Trial Demand)

### INTRODUCTION

1. MICHAEL ALTIZER (hereinafter "MICHAEL ALTIZER" or "Consumer") hereby alleges that Defendants' CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC, a Delaware limited liability corporation, (hereinafter "CREDITORS INTERCHANGE") and JOHN and JANE DOES I - V violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. *et seq.* (hereinafter "FDCPA") by failing in telephone messages left by Defendants for Consumer (a) to meaningfully identify itself and (b) to state that the purpose of the call was to attempt to collect a debt or that the call was from a debt collector. Consumer seeks an award of statutory damages (in the amount of $ 1,000), reasonable attorney's fees and costs against each of the Defendants.

1

## I. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of because, at all times relevant, Plaintiff resided in this District (Seminole County, Florida) and the Defendants transact business here. Furthermore, Defendant CREDITORS INTERCHANGE placed at least one telephone call to Plaintiff in this District.

## II. PARTIES

### MICHAEL ALTIZER

4. Plaintiff, MICHAEL ALTIZER (hereinafter, "MICHAEL ALTIZER" or "Consumer"), is a natural person who, at all times relevant, resided in Seminole County, Florida.

5. At all times material hereto, MICHAEL ALTIZER was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3).

### "CREDITORS INTERCHANGE"

6. Defendant, CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC. (hereinafter "CREDITORS INTERCHANGE"), is a Delaware limited liability corporation whose principal place of business is 80 Holtz Drive in Cheektowaga, New York (14225).

7. Defendant, CREDITORS INTERCHANGE's registered agent in the State of Florida is C T Corporation System, 1200 South Pine Island Road, in Plantation, FL (33324).

8. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these

persons is known to Defendant CREDITORS INTERCHANGE but is not presently known to Plaintiff. These defendants are hereinafter referred to as Defendants JOHN AND JANE DOES I - V. (Defendants CREDITORS INTERCHANGE and JOHN and JANE DOES I - V are hereinafter collectively referred to as the "Defendants").

9. Defendants JOHN and JANE DOES I-V created, approved, directed, supervised, and/or participated in Defendant CREDITORS INTERCHANGE'S collection practice of leaving telephone messages which fail to inform the consumer (a) of identify of Defendant CREDITORS INTERCHANGE and (b) that the purpose of the call was to collect a debt or that the call was from a debt collector.

10. Defendant JANE DOE IV is an employee of Defendant CREDITORS INTERCHANGE who used the name "Ms. Astrada" when leaving a message for Consumer.

11. Defendant JANE DOES V is an employee of Defendant CREDITORS INTERCHANGE who used the name "Cathleen Hollier" when leaving a message for Consumer.

12. Defendants CREDITORS INTERCHANGE and JOHN and JANE DOES I - V are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

13. Defendant CREDITORS INTERCHANGE is licensed as a "consumer collection agency" by the Office of Financial Regulation of the State of Florida.

14. The principal purpose of the Defendant CREDITORS INTERCHANGE is the collection of debts using the mails and telephone.

15. Defendant CREDITORS INTERCHANGE regularly attempts to collect debts alleged to be due to another.

16. Defendants were acting as debt collectors with respect to the collection of the Alleged Account.

17. All acts of the individual (DOE) defendants described below were committed with the intent to collect the Alleged Account on behalf of defendant CREDITORS INTERCHANGE.

## IV FACTUAL ALLEGATIONS

18. At all times material hereto, "FIA CARD SERVICES, N.A." was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

19. At all times material hereto, the credit card account (the "Alleged Account") was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

20. The Account went into default before Defendant acquired any interest in the Account.

21. At some unknown time in the past, CREDITORS INTERCHANGE directly or indirectly contracted with FIA CARD SERVICES, N.A. (or its successors in interest) for the purpose of collecting the afore described consumer debt.

22. As more particularly described below, commencing on or about early 2010, CREDITORS INTERCHANGE through its agents, employees, and/or representatives began a pattern of conduct reasonably calculated to harass, threaten or coerce MICHAEL ALTIZER into paying the Account.

23. Defendant left the following messages on Plaintiff's voice mail on or about the

dates stated :

### August 21, 2010

This is message is for Michael Altizer. This is Ms. Astrada calling from Creditors Interchange. Will you please return a call back to my office today. My number here is 866-758-2985 ext 4271.

### August 24, 2010

Hi this message is for Michael Altizer. This is Ms. Astrada calling from Creditors Interchange. It is important that you return a call back to my office today. My number here is 866-758-2985 ext 4271.

### September 7, 2010

This is a very important message here for Michael Altizer. Hi Michael, my name is Cathleen Hollier and I'm calling on behalf of an extremely important reference case of yours. It has been handed over to my office. If you can please call me as soon as possible. My number here is 877-770-6326 ext 3162. Very important you do return this call in regard to reference case 14358344. Thank you.

(These messages along with any other telephone messages that Defendants left on other occasions within the 365 day period immediately preceding the date this Complaint was filed are hereinafter collectively referred to as the "telephone messages").

24. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). See *Berg v. Merchs. Ass'n Colection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXI 94023 (S.D. Fla. Oct. 31, 2008).

25. Defendant failed to inform Plaintiff in the messages that the communication was

5

from Defendant CREDITORS INTERCHANGE or to state that the call was from a debt collector.

26. All telephone messages were left on behalf of Defendant CREDITORS INTERCHANGE and were were made within the scope of the employment and agency of Defendants JOHN and JANE DOES DOES I-V.

27. Defendants JOHN and JANE DOES I-V created, approved, directed, supervised, and/or participated in Defendant CREDITORS INTERCHANGE'S practice of leaving telephone messages.

28. All of Defendant CREDITORS INTERCHANGE's collection actions at issue in this matter occurred within one year of the date of this Complaint.

29. The statements made by Defendant CREDITORS INTERCHANGE and DOE IV are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

30. MICHAEL ALTIZER has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

## V. COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff incorporates the foregoing Paragraphs.

32. Defendants failed to meaningfully disclose in one or more of the telephone messages the identity of Defendant CREDITORS INTERCHANGE in violation of 15 U.S.C. §1692d(6). Edwards v. Niagara Credit Solutions, Inc., 586 F.Supp.2d 1346, 1351-52 (N.D.Ga.

2008) *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009).

33.     Defendants failed to disclose in the telephone messages that the call was from a debt collector in violation of 15 U.S.C. §1692e(11). *Edwards v. Niagara Credit Solutions, Inc.*, 586 F.Supp.2d 1346, 1352-53 (N.D.Ga. 2008) *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009); *Drossin v. National Action Financial Services, Inc.*, 641 F.Supp.2d 1314, 1319-20 (S.D.Fla. 2009) and *Belin v. Litton Loan Servicing*, 2006 WL 1992410, *4-*5, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

WHEREFORE, Plaintiff MICHAEL ALTIZER requests that the Court enter judgment in favor of Plaintiff MICHAEL ALTIZER and jointly and severally against Defendant CREDITORS INTERCHANGE RECEIVABLES MANAGEMENT, LLC and JOHN and JANE DOES I - V for :

   A.   Statutory damages (in the amount of $ 1,000.00) pursuant to 15 U.S.C. § 1692k;

   B.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

   C.   Such other or further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

Dated : FEBRUARY 25, 2011.

*[signature]*
DONALD E. PETERSEN

Law Office of Donald E. Petersen
Post    Office   Box   1948
Orlando,  FL   32802-1948
Voice :     (407) 648-9050
Facsimile : N/A
E.C.F.  : depecf@cfl.rr.com
F.B.N.              0776238
Attorney for the Plaintiff,
MICHAEL ALTIZER